The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on whether it is illegal for a school district to hire a relative of a member of the district's board of directors. Your request also contains several follow-up questions about the degree of relationship to which any such illegality extends and about the remedies available to citizens in the event such hiring is illegal.
In my opinion, nothing in Arkansas law generally prohibits a school district from hiring a relative of a member of the district's board of directors.
I am enclosing copies of two recent opinions of this office addressing your principal question or the closely related question of whether the spouse of a board member may be hired by a school district. In Op. Att'y Gen. 94-296, I considered A.C.A. § 21-8-304(a), a statute prohibiting any public official from using his position "to secure special privileges or exemption for himself" or certain relatives. I concluded that the statute does not prohibit a district's hiring of a board member's spouse because employment does not, as a general matter, constitute a "special privilege or exemption." I did note therein, however, that the hiring might violate the statute if customary hiring procedures were contravened or if the person hired were not qualified for the job.
In Op. Att'y Gen. 93-344, I reviewed several statutory provisions and their possible application to a district's hiring of a board member's spouse or relative, and concluded that none of them generally prohibited the hiring. I considered A.C.A. § 6-13-616 (Cum. Supp. 1993), which sets forth general qualifications for school board members, and noted that its prohibition, set forth in subsection (b), on simultaneous service as a board member and a district employee applies only to the board member himself.
I also reviewed A.C.A. § 6-21-603 (Cum. Supp. 1993), which prohibits a school board member from being "interested directly or indirectly in any contract or purchase made by the district" in an amount greater than $500. I concluded that, because the statute is located in a chapter of the code dealing with school property and supplied and because the monetary threshold is so low that it would encompass all personnel contracts, the prohibition of that section does not apply to personnel contracts. I considered A.C.A. § 6-13-617(a) (Repl. 1993), which requires each director to subscribe to an oath providing, in part, that the director "will not be interested, directly or indirectly, in any contract made by the district" except contracts for materials awarded after competitive bidding. There, too, I concluded that the prohibition was intended to apply only to contracts for goods and services, not to personnel contracts. Finally, I considered A.C.A. § 21-8-304(a) and, as in Op. Att'y Gen. 94-296 discussed above, I concluded that employment generally does not constitute a "special privilege or exemption."
A search of the applicable statutes and case law reveals no recent development that would cause me to alter the opinions expressed in Ops. Att'y Gen. 93-344 and 94-296. It is therefore my opinion that it is not generally unlawful for a school district to employ a relative of a member of the district's board of directors but that, depending upon the particular facts present in a given case, such employment may constitute a violation of A.C.A. § 21-8-304(a) if customary hiring procedures were contravened or if the person hired were not qualified for the job.
My conclusion that the hiring at issue is generally not unlawful makes responses to your other questions unnecessary because, again, those questions are about the scope of any illegality and remedies to cure any such illegality.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
Enclosures